# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 25-1898C
(Filed: September 11, 2026)

| | |
|---|---|
| **LUKE C. STOREY**, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| **UNITED STATES**, | ) |
| *Defendant*. | ) |

*Luke C. Storey,* Austin, TX, pro se.

*Elinor J. Kim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With her on the briefs were *Brett A. Shumate*, Assistant Attorney General; and *Patricia M. McCarthy*, Director, and *Eric P. Bruskin*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

**ORDER OF DISMISSAL**[1]

Pro se plaintiff Luke C. Storey filed a complaint in this Court on November 4, 2025. Although difficult to decipher, his complaint appears to include allegations that certain federal judicial officers and a court employee, as well as other federal government officials, engaged in "[u]nfair and deceptive trade practices" and "[c]ivil nonfeasance" when they "failed to perform discharge of the commercial paper liability" associated with Mr. Storey's proffered United States General Services Administration (GSA) "Form Bonds." *Id.* at 5–6 (citing ECF 1-2 at 85–99, 148–53). Mr. Storey charges that the failure to process these bonds constitutes a breach of his contract with the United States Department of the Treasury. Mr. Storey alleges that he consequently "remains in bondage unable to operate financially due to said outstanding commercial paper liability with damage to plaintiff's credit rating." ECF 1 at 6. He seeks the following relief: acknowledgement and processing of the

[1] This case was transferred to the undersigned for adjudication on September 2, 2026, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC).

proffered bonds; discharge of the alleged commercial paper liabilities; "a full final accounting"; an Internal Revenue Service (IRS) Form 1099-MISC; a "'zero balance due' document," presumably from the IRS, for any federal income tax arrearages; payment as stated in the "Accounting Statement Amount Claimed"; and that the Court "place the 'd/b/a defendants' on probation . . . ." *Id.* at 7 (emphasis omitted). Pending before the Court are the government's motion to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6), and plaintiff's cross-motion for summary judgment under RCFC 56.

Mindful that Mr. Storey is proceeding pro se, the Court construes his pleadings liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). That said, in response to a motion under RCFC 12(b)(1), he must still establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). In its evaluation of jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (first citing *Scheuer v. Rhodes*, 416 U.S. 232, 236–37 (1974); and then citing *Catawba Indian Tribe v. United States*, 982 F.2d 1564, 1568–69 (Fed. Cir. 1993)). If the Court determines it lacks subject-matter jurisdiction over a claim, it must dismiss the claim "in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Even when the Court retains jurisdiction over a claim, the Court may nonetheless dismiss the claim under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. When considering whether a plaintiff has asserted a cognizable and redressable claim, this Court "must accept as true all the factual allegations in the complaint" and "indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted). "[T]he court must dismiss the complaint when the 'facts asserted by the [plaintiff] do not entitle him [or her] to a legal remedy,' or the facts 'do not elevate a claim for relief to the realm of plausibility.'" *Chisum v. United States*, No. 2025-1562, 2025 WL 2836408, at *2 (Fed. Cir. Oct. 7, 2025) (per curiam) (first quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002); and then quoting *Laguna Hermosa Corp. v. United States,* 671 F.3d 1284, 1288 (Fed. Cir. 2012)).

Considering the standards above, Mr. Storey has not established this Court's jurisdiction with respect to some of his claims, and he has failed to state a claim upon which relief can be granted for the remainder.

First, Mr. Storey asserts claims against two federal judges and the Clerk of Court of the United States District Court for the Western District of Texas, a United States Department of Justice official, and an IRS agent. To the extent Mr. Storey

names individual government officials as defendants, his claims must be dismissed. This Court lacks subject-matter jurisdiction to adjudicate claims against individuals, even when acting in an official capacity. *See Chisum,* 2025 WL 2836408, at *2 ("[T]he Court of Federal Claims lacks jurisdiction over claims for relief 'against others than the United States. . . .'" (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941))), *cited in Meenk v. United States*, No. 26-848, 2026 WL 1733851, at *1 (Fed. Cl. June 12, 2026) (dismissing claims against federal magistrate judge), *appeal docketed*, No. 26-2144 (Fed. Cir. Aug. 11, 2026); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* . . . ." (emphasis added)). This Court similarly lacks subject-matter jurisdiction over "challenges to 'the decisions of the federal district courts.'" *Meenk*, 2026 WL 1733851, at *1 (quoting *Rajapakse v. United States*, No. 13-391, 2013 WL 6039045, at *3 (Fed. Cl. Oct. 23, 2013)); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

Next, Mr. Storey asserts a claim sounding in tort, which must also be dismissed: specifically, that the named defendants engaged in "[u]nfair and deceptive trade practices." ECF 1 at 5. It is well-settled that "[t]he Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (first citing 28 U.S.C. § 1491(a); and then citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)). Unfair and deceptive trade practices sound in tort. *See Yahne v. United States*, No. 26-1827, 2026 WL 2198592, at *1 (Fed. Cir. July 30, 2026) (per curiam) ("The Court of Federal Claims was clearly correct that claims aimed at parties other than the United States and claims for unfair and deceptive trade practices sounding in tort fall outside its limited jurisdiction." (citations omitted)).

Turning to Mr. Storey's claims of "[c]ivil nonfeasance" and breach of contract,[2] he alleges the existence of a contract with the government, citing, inter alia, his "Contract with the U.S. Treasury" and "Private Registered Bond for Investment." ECF 1-2 at 19, 45 (citation modified). Mr. Storey represents that his contract with the Treasury Department is memorialized in an "Affidavit of Public Notice," addressed to the former United States Secretary of the Treasury and dated April 12, 2024. ECF 1-2 at 21 (citation modified). As the government points out, however, the

[2] Mr. Storey avers, "Civil nonfeasance arises when a party fails to perform a contractual duty or an obligation required by tort law . . . ." ECF 1 at 5. Given the imperative to construe pro se pleadings liberally, *Durr*, 400 F.3d at 1380, and this Court's lack of jurisdiction over tort claims, 28 U.S.C. § 1491(a), this Court interprets Mr. Story's allegation of civil nonfeasance as sounding only in contract. *Cf. Old Republic Nat. Title Ins. Co. v. Escrow Title Servs., Inc.*, No. 08-796, 2010 WL 2650435, at *9 (W.D. Mich. June 30, 2010) ("[W]hen someone undertakes to perform work under an agreement, he can be held liable in tort for 'misfeasance', i.e., if he performs poorly, carelessly, or incompletely, but no tort action will lie for 'nonfeasance,'[] i.e., if he simply does nothing to render the promised performance." (citing *Hart v. Ludwig,* 79 N.W.2d 895, 896–97 (Mich. 1956)). *See also* ECF 1 at 6 ("Said nonfeasance is a breach of contract.").

proffered document bears only Mr. Storey's signature, not that of any government official—let alone an official duly authorized to bind the government in contract. *See* ECF 1-2 at 33. Mr. Storey counters that in tendering the affidavit, he placed the government on notice that failure to respond constituted acquiescence:

> You have thirty (30) days to rebut this document, point by point as described herein, or you stand in complete agreement. Non-response is agreement. Partial response is agreement. Rebuttal must be in written form with legal/lawful, verified, certified documentation in law accompanied by copies of said law, and provided under penalty of perjury pursuant to 28 U.S.C. section 1746. Ignorance of the law is no excuse.

ECF 1-2 at 21.

Contrary to Mr. Storey's assertion, government inaction when purportedly served by a private party with an allegedly self-executing demand does not satisfy the affirmative assent required for a binding contract with the government. The law is clear: "The requirements for a contract between the United States and a private party are (1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008) (citing cases). Here, as succinctly found by the United States Court of Appeals for the Federal Circuit in rejecting a similar spurious contract claim: "There is no evidence of any mutual intent to form an enforceable contract; there is no signature by an authorized representative of the United States; there is no allegation of consideration . . . . [N]on-parties are not bound." *Harvey v. United States*, 845 F. App'x 923, 926 (Fed. Cir. 2021) (per curiam) (first citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); and then citing *Datatreaury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008)). At bottom, no contract exists between Mr. Storey and the government, and Mr. Storey's putative contract claim must therefore be dismissed for failure to state a claim upon which relief can be granted.

Accordingly:

(1) Defendant's motion to dismiss plaintiff's complaint (ECF 1) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(6) (ECF 9) is granted.

(2) Plaintiff's cross-motion for summary judgment (ECF 15) is dismissed as moot.

(3) The Clerk of Court is directed to dismiss plaintiff's complaint (ECF 1) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted and enter judgment accordingly.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge